## UNITED STATES v. LORD.
### No. 1240 Cr.

District Court of Alaska. Fourth Division. Fairbanks.
Oct. 16, 1945.

Harry O. Arend, U. S. Atty., of Fairbanks, for plaintiff.
Cecil H. Clegg, of Fairbanks, for defendant.

PRATT, District Judge.

An information was filed in the above-entitled case by Harry O. Arend, United States attorney for said Division, charging in four counts the selling by defendant of intoxicating liquor without a license to four separate individuals. The United States attorney verified the information before a notary public. He attached thereto the affidavits of the four persons to whom the liquor was alleged to have been sold, three of them taking their oaths before notaries public and the fourth before a United States commissioner.

The defendant alleges that the information was not authorized by law; that the information was not made be-

fore any magistrate as provided for by section 5731, Compiled Laws of Alaska, 1933.

By an act of congress, approved March 3, 1899, 30 Stat. 1253, entitled, "An Act To define and punish crimes in the District of Alaska and to provide a code of criminal procedure for said district," a criminal code and code of criminal procedure was provided for Alaska. It was divided into two titles, the first being a criminal code and the second being a code of criminal procedure, though they were not so designated in the act.

By section 218, 30 Stat. 1285; section 2099, Compiled Laws of Alaska, 1913, it is provided, "The common law of England as adopted and understood in the United States shall be in force in said District, except as modified by this act."

■ Although said section 218 appears in Title I of said act of congress, devoted mostly to a criminal code, it is not, in any way, limited to the matters set forth in Title I. Thus it makes the common law informations in misdemeanor cases applicable to Alaska.

■ A common law information signed by the proper prosecuting officer did not require any verification. 42 C.J.S., Indictments and Information, § 66, p. 918.

The above-mentioned act of congress approved March 3, 1899, in its chapter 31 of Title II, section 270; section 5731, Compiled Laws of Alaska, 1933, stated:

"That an information is the allegation or statement made before a magistrate, and verified by the oath of the party making it, that a person has been guilty of some designated crime."

In sections 271 and 272, it states that the judge of the district court and the commissioners are magistrates. Provisions for the issuance of a warrant of arrest and as to how the arrest should be made follow in the next two chapters, and the third chapter, entitled, "Of the examination of the case and discharge of the defendant or holding him

to answer," provides for a hearing and a discharge of the defendant or holding him to answer to the grand jury.

Section 412 of said act of congress; section 5679, Compiled Laws of Alaska, 1933, provides:

"That in a justice's court a criminal action is commenced by the filing of the complaint therein, verified by the oath of the person commencing the action, * * *."

Section 414 provides:

"That upon the filing of the complaint the justice must issue a warrant of arrest * * *."

It appears therefore that the information mentioned in section 270 refers entirely to a proceeding before a magistrate to bind a person over to the grand jury. It does not refer to the common law information. And as section 412; Section 5679, Compiled Laws of Alaska, 1933, negatives the use of a common law information in a justice's court, it becomes clear that such a common law information can be used only in the district court for misdemeanors.

The last chapter of said act approved March 3, 1899, entitled, "Chapter Forty-Four. Of miscellaneous provisions in relation to criminal proceedings in justices' courts," contains sections 453 to 481, both included.

Section 458 provides:

"That wherever the words 'district attorney' occur in this Act they shall be construed to mean the United States attorney for said District, or any division thereof."

Section 474, 30 Stat. page 1340, section 2583, Compiled Laws of Alaska, 1913, provides:

"That prosecutions for violations of the provisions of this act shall be on information filed in the district court or any subdivision thereof, or before a United States commissioner, by the United States marshal or any deputy marshal, or by the district attorney or by any of his assistants. Or such prosecution may be by and through indict-

ment by grand jury, and it shall be the duty of either of said officers, on the representation of two or more reputable citizens, to file such information, or to present the facts alleged to constitute violations of the law to the grand jury."

Although the last mentioned section is between sections relating to licenses to sell intoxicating liquor, its wording makes it clear that it is a general act authorizing informations for the violations of any of the provisions of the act of congress approved March 3, 1899, aforesaid. If there had been an intention to restrict the provisions of that section to prosecutions for violation of the liquor licenses provisions of the surrounding sections, it would have stated that it was for violations of those sections and named them, or at least it would have restricted its operation to violations of the provisions of said chapter 44.

The act of congress approved March 3, 1899, therefore provided for prosecutions by common law information and the statutory information which was practically the same with some enlargements.

■     By chapter 17, Session Laws of Alaska, 1933, forty-seven sections of the Compiled Laws of Alaska, 1913, were repealed.   The title to the act mentioned by number each of the forty-seven sections.   These sections have to do with many and various subjects.   Consequently, as the organic act requires each act of the legislature to be upon one subject and to state the subject in the title to the act, said chapter 17 is invalid.   59 C.J., page 803, note 76.

■     Among the sections attempted to be repealed is section 2099, Compiled Laws of Alaska, 1913; section 218, 30 Stat., page 1285, adopting the common law of England.

Consequently, said section 2099 was not repealed.

■■     By act of congress, approved April 13, 1934, 48 Stat. 583, 48 U.S.C.A. § 292, entitled, "To repeal an Act of Congress entitled 'An Act to prohibit the manufacture or sale of alcoholic liquors in the Territory of Alaska, and

for other purposes', approved February 14, 1917, and for other purposes," it is provided in section 4 that sections 462 to 478, inclusive, of the act of congress approved March 3, 1899, aforesaid, are repealed. Said sections 462 to 478, inclusive, are the ones as to liquor licenses, with the exception of section 474 relating to informations. It is probable that congress did not intend to repeal the section as to informations. However, as congress is not limited to the inclusion of one subject in an act and as the title does not contradict the definite statement that said section is repealed, it must necessarily stand repealed.

■ As the act of congress, approved March 3, 1899, provided for a common law information by making the common law a part of the law of Alaska and at the same time made statutory provision for such an information with a slight enlargement of the same by section 474, which was not in conflict with the common law on the subject, it resulted in there being two laws on the same subject.

■ The rule is stated in 59 C. J., page 918, as follows: "However, a statute is not to be deemed repealed merely by the enactment of another statute on the same subject. The question is one of legislative intention. One of two affirmative statutes on the same subject matter does not repeal the other if both can stand. The court will, if possible, give effect to all statutes covering, in whole or in part, the same subject matter where they are not absolutely irreconcilable and no purpose of repeal is clearly shown or indicated."

Consequently, when said section 474 was repealed by act of congress in 1934, it left said section 218, 30 Stat. 1285; section 2099, Compiled Laws of Alaska, 1913, adopting the common law of England, in full force and effect as to informations for misdemeanors being filed in the district court.

■ As the common law did not require an information to be verified when filed by the proper officer, it be-

comes immaterial in this case that the United States attorney, who is the proper officer to file such an information, verified the same before a notary public.

The motion to quash the information in this case should be denied.